ANDREW J. GRAMAJO, ESQ.
SBN: 338144
andrew@ajglawgroup.us
1547 Palos Verdes Mall, #205
Walnut Creek, CA 94597
Tel.: (415) 638-9140

Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| WILLIAM MCDERMOTT,<br><br>　　　　Plaintiff,<br><br>vs.<br><br><br>CHECKR INC.,<br><br><br>　　　　Defendant, | Case No.:<br><br>**COMPLAINT** for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* and the Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785 *et seq.*<br><br>**DEMAND OF JURY TRIAL** |

NOW COMES, Plaintiff WILLIAM MCDERMOTT ("Plaintiff"), by and through his attorneys, AJG LAW GROUP, PC. and JAFFER & ASSOCIATES, PLLC (Pro Hac Vice pending), and files this *Complaint* against Defendant CHECKR, INC. ("Checkr" or "Defendant"), and respectfully sets forth, complains, and alleges, upon information and belief, the following:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action under 15 U.S.C. § 1681 *et seq.* the Fair Credit Reporting Act ("FCRA") and Cal. Civ. Code § 1785 *et seq.* the Consumer Credit Reporting Agencies Act ("CCRAA") for actual and statutory damages, punitive damages, costs, and reasonable attorneys' fees against Defendant.

1

*William McDermott v. Checkr, Inc.*

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action and all counts under 28 U.S.C. § 1331, 1334, and 15 U.S.C. § 1681(p).

3. Venue in this district is proper under 28 U.S.C. § 1391b(1), 28 U.S.C. § 1391b(2), and 28 U.S.C. § 1391b(3) because Defendant resides in this district.

## PARTIES AND SERVICE

**Plaintiff William McDermott**

4. Plaintiff is a resident of Nassau County, New York.

5. At all times material hereto, Plaintiff is a "Consumer," as defined under 15 U.S.C. § 1681a(c) and Cal. Civ. Code § 1785.3(b).

**Defendant Checkr, Inc.**

6. Defendant Checkr is a "Consumer Reporting Agency" as defined by 15 U.S.C. § 1681a(f) and Cal. Civ. Code § 1785.3(d). Defendant may be served with process upon CT CORPORATION SYSTEM, its registered agent for service of process, at 330 N Brand Blvd Ste. 700, Glendale, California 91203.

7. At all times material hereto, Defendant Checkr is a Consumer Reporting Agency who regularly engages in interstate commerce by and through the business of assembling, evaluating, and disbursing information concerning consumers for the purposes of furnishing consumer reports to third parties as said term is defined under 15 U.S.C. § 1681d and Cal. Civ. Code § 1785.3(c).

8. Among other things, Defendant Checkr sells consumer background checks to hiring managers for the use of employment purposes, as defined under Cal. Civ. Code § 1785.3(f), such as deciding whether to continue or offer employment to prospective employees or to take adverse action as defined by Cal. Civ. Code § 1785.3(a) such as withdrawing employment opportunities

or terminating existing employment. These reports are provided in connection with a business transaction initiated by the hiring company.

**FACTUAL ALLEGATIONS**

9. Prior to February 12, 2024, Plaintiff was employed by Uber Technologies, Inc. ("Uber").

10. Plaintiff obtaining employment with Uber was contingent on Plaintiff passing a background check published by Defendant Checkr.

11. Prior to February 12, 2024, Checkr published a background check on Plaintiff to Uber, and Plaintiff began working for Uber.

12. On February 12, 2024, Plaintiff received a notice of termination from Uber due to the fact that Checkr was allegedly no longer able to verify Plaintiff's identity.

13. Plaintiff attempted to speak to Uber about the wrongful termination as no aspect of Plaintiff's identity had changed, but Uber informed Plaintiff that because of Checker's false or erroneous inability to verify Plaintiff's identity, Plaintiff was no longer employable by Uber.

14. Plaintiff provided his social security number within Checkr's Candidate Portal.

15. Checkr was still unable to verify Plaintiff's identity despite Plaintiff providing all of the resources requested for the verification process.

16. It is averred that Checkr deleted, mixed, or merged Plaintiff's consumer information which directly caused the termination of his employment with Uber.

17. Defendant Checkr did not follow reasonable procedures to assure maximum accuracy in the preparation of Plaintiff's consumer report because Defendant Checkr deleted, mixed, or merged Plaintiff's consumer file, prompting Plaintiff's termination by Uber.

18. Defendant Checkr failed to take adequate steps to verify information before Checkr published to Uber that Plaintiff's identity could not be verified.

3

*William McDermott v. Checkr, Inc.*

19. The erroneous and false reporting of Plaintiff's consumer file is objectively likely to affect Plaintiff's employment.

20. Due to Defendant Checkr's negligent or willful failure to establish or follow reasonable procedure to ensure maximum possible accuracy, Plaintiff suffers from injury to his reputation, fear of loss of employment opportunities, actual loss of employment opportunities, loss of wages, loss of time trying to correct his consumer file, undue stress trying to correct the consumer file, mental anguish and emotional distress, anxiety, lack of sleep, loss of appetite, and added stress to his daily routine.

21. Defendant Checkr willfully or negligently failed to comply with its obligations under 15 U.S.C. § 1681e(b).

**FIRST CAUSE OF ACTION**
**Violations of the Fair Credit Reporting Act**
**Negligent violation of 15 U.S.C. § 1681e(b) as to Defendant Checkr**

22. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

23. This is an action for negligent violation of the FCRA 15 U.S.C. § 1681 *et. seq*.

24. Defendant Checkr violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report and consumer files that Defendant Checkr maintained concerning Plaintiff.

25. Defendant Checkr has negligently failed to comply with the FCRA. The failure of Checkr to comply with the FCRA includes but is not necessarily limited to the following:

    a. The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b. The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised

4

*William McDermott v. Checkr, Inc.*

    Checkr to delete;

  c. The failure to take adequate steps to verify information Checkr had reason to believe was inaccurate before including it in the credit report of the consumer.

26. As a result of the conduct, action and inaction of Defendant Checkr, Plaintiff suffered damage by injury to his reputation, fear of loss of employment opportunities, actual loss of employment opportunities, loss of wages, loss of time trying to correct his consumer file, undue stress trying to correct the consumer file, mental anguish and emotional distress, anxiety, lack of sleep, loss of appetite, and added stress to his daily routine.

27. The conduct, action and inaction of Defendant Checkr was negligent, entitling Plaintiff to damages under 15 U.S.C. § 1681(o).

28. Plaintiff is entitled to recover reasonable costs and attorney's fees from Checkr in an amount to be determined by the Court pursuant to 15 U.S.C. § 168l(o).

**SECOND CAUSE OF ACTION**
**Violations of the Fair Credit Reporting Act**
**Willful violation of 15 U.S.C. § 1681e(b) as to Defendant Checkr**

29. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

30. This is an action for willful violation of the FCRA 15 U.S.C. § 1681 et. seq.

31. Defendant Checkr violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report and consumer files that Defendant Checkr maintained concerning Plaintiff.

32. Defendant Checkr has willfully failed to comply with the FCRA. The failure of Checkr to comply with the FCRA include but are not necessarily limited to the following:

  a. The failure to follow reasonable procedures to assure the maximum

       possible accuracy of the information reported;

  b. The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Checkr to delete;

  c. The failure to take adequate steps to verify information Checkr had reason to believe was inaccurate before including it in the credit report of the consumer.

33. As a result of the conduct, action and inaction of Defendant Checkr, Plaintiff suffered damage by injury to his reputation, fear of loss of employment opportunities, actual loss of employment opportunities, loss of wages, loss of time trying to correct his consumer file, undue stress trying to correct the consumer file, mental anguish and emotional distress, anxiety, lack of sleep, loss of appetite, and added stress to his daily routine.

34. The conduct, action and inaction of Defendant Checkr was willful, entitling Plaintiff to damages under 15 U.S.C. § 1681(n).

35. Plaintiff is entitled to recover reasonable costs and attorney's fees from Checkr in an amount to be determined by the Court pursuant to 15 U.S.C. § 168l(n).

### THIRD CAUSE OF ACTION
**Violations of Consumer Credit Reporting Agencies Act**
**Negligent violation of Cal. Civ. Code § 1785.14 as to Defendant Checkr**

36. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

37. This is an action for negligent violation of the CCRAA Cal. Civ. Code § 1785.14.

38. Defendant Checkr violated Cal. Civ. Code § 1785.14. by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report and consumer files that Defendant Checkr maintained concerning Plaintiff.

6

*William McDermott v. Checkr, Inc.*

39. Defendant Checkr has negligently failed to comply with the CCRAA. The failure of Checkr to comply with the CCRAA includes but is not necessarily limited to the following:

   a. The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b. The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Checkr to delete;

   c. The failure to take adequate steps to verify information Checkr had reason to believe was inaccurate before including it in the credit report of the consumer.

40. As a result of the conduct, action and inaction of Defendant Checkr, Plaintiff suffered damage by injury to his reputation, fear of loss of employment opportunities, actual loss of employment opportunities, loss of wages, loss of time trying to correct his consumer file, undue stress trying to correct the consumer file, mental anguish and emotional distress, anxiety, lack of sleep, loss of appetite, and added stress to his daily routine.

41. The conduct, action and inaction of Defendant Checkr was negligent, entitling Plaintiff to damages under Cal. Civ. Code § 1785.31(a)(1).

42. Plaintiff is entitled to recover reasonable costs and attorney's fees from Checkr in an amount to be determined by the Court pursuant to Cal. Civ. Code § 1785.31(a)(1).

### FOURTH CAUSE OF ACTION
**Violations of the Fair Credit Reporting Act**
**Willful violation of Cal. Civ. Code § 1785.14 as to Defendant Checkr**

43. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

44. This is an action for willful violation of the CCRAA Cal. Civ. Code § 1785 et. seq.

45. Defendant Checkr violated Cal. Civ. Code § 1785.14 by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report and consumer files that Defendant Checkr maintained concerning Plaintiff.

46. Defendant Checkr has willfully failed to comply with the CCRAA. The failure of Checkr to comply with the CCRAA include but are not necessarily limited to the following:

    a. The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b. The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Checkr to delete;

    c. The failure to take adequate steps to verify information Checkr had reason to believe was inaccurate before including it in the credit report of the consumer.

47. As a result of the conduct, action and inaction of Defendant Checkr, Plaintiff suffered damage by injury to his reputation, fear of loss of employment opportunities, actual loss of employment opportunities, loss of wages, loss of time trying to correct his consumer file, undue stress trying to correct the consumer file, mental anguish and emotional distress, anxiety, lack of sleep, loss of appetite, and added stress to his daily routine.

48. The conduct, action and inaction of Defendant Checkr was willful, entitling Plaintiff to damages under Cal. Civ. Code § 1785.31(a)(2).

49. Plaintiff is entitled to recover reasonable costs and attorney's fees from Checkr in an amount to be determined by the Court pursuant to Cal. Civ. Code § 1785.31(a)(2).

## DEMAND FOR TRIAL BY JURY

50. Plaintiff requests a trial by jury on all issues and counts so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

### **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff seeks judgement against Defendant as follows:

1. Awarding Plaintiff actual damages provided and pursuant to 15 U.S.C. § 1681o(a) and Cal. Civ. Code § 1785.31(a) from Defendant;

2. Awarding Plaintiff statutory damages provided and pursuant to 15 U.S.C. § 1681n(a) and Cal. Civ. Code § 1785.31(a) from Defendant;

3. Awarding Plaintiff punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2) and Cal. Civ. Code § 1785.31(a)(2)(B) from Defendant;

4. Awarding Plaintiff attorneys' fees provided and pursuant to 15 U.S.C. § 1681n(a)(3), 15 U.S.C.§ 1681o(a)(2), Cal. Civ. Code § 1785.31(a)(1), and Cal. Civ. Code § 1785.31(a)(2); and

5. Awarding Plaintiff such other and further relief as this Court may deem just and proper.

**Dated:** March 28, 2024

By:  */s/Andrew J. Gramajo*
Andrew J. Gramajo, Esq.
Local Counsel for Plaintiff


Naved Qazi, Esq.
Lead Counsel for Plaintiff
Pro Hac Vice application pending

9

*William McDermott v. Checkr, Inc.*